IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

TANGIE DAVIS, *et al.*,          )
                                 )
    Plaintiffs,              )
                                 )
v.                               )          Case No. 1:15-cv-1091-GBL-IDD
                                 )
SEGAN, MASON & MASON, PC,        )
                                 )
    Defendant,               )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Segan, Mason & Mason, LLC's ("Defendant") Motion to Dismiss (Doc. 5). This is a Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* case involving Plaintiffs Tangie and Steven Davis's ("Plaintiffs") claims against Defendant concerning a collection letter related to Plaintiffs' alleged delinquent homeowner association assessments. Plaintiffs allege four violations of the FDCPA arising from Defendant's collection letter: Count I of the Complaint alleges Defendant violated FDCPA § 1692g(a)(1) by failing to disclose the amount of the debt and by including the language "for the referenced period only" which Plaintiffs allege is confusing to the debtor. (Doc. 1). Count II, pleaded as a class claim, alleges Defendant violated § 1692e by including language in its communications with Plaintiffs indicating Defendants intended to file a lawsuit if the debt was not paid when Defendant did not intend to file a lawsuit. (*Id.*) Count III alleges Defendant violated § 1692e by falsely representing the amount and legal status of the alleged debt and failing to timely credit and accept payments made by plaintiffs. (*Id.*) Count IV alleges Defendant violated §1692f by seeking to collect amounts not permitted by law.

There are three issues before the court. First, whether Defendant's use of the language "for the referenced period only" in the collection letter to Plaintiffs is confusing to the "least sophisticated consumer" in violation of FDCPA § 1692g(a)(1) as alleged in Count I. Second, whether Count II of Plaintiffs' claim pleads a recognizable basis for class certification. Third, whether Counts III and IV state a valid claim where Defendant asserts the alleged wrongful actions in Counts III and IV (i.e. falsely representing the amount and legal status of the alleged debt, failing to timely credit and accept payments, and seeking to collect amounts not permitted by law) were undertaken by third-party creditor Saxony Square Condominium Unit Owners Association ("Saxony Square") who is not a defendant is the present action.

The Court GRANTS in part, and DENIES in part, Defendant's Motion to Dismiss. The Court GRANTS Defendant's Motion to Dismiss with respect to Count I because Defendant adequately disclosed the amount of the debt as required by FDCPA § 1692g(a)(1) and Defendant's use of the language "for the referenced period only" in the collection letter is not confusing to the least sophisticated consumer as a matter of law where a statement of charges is spelled out in an attachment to the collection letter showing the amount due and the specific time period billed. The Court GRANTS Defendant's Motion to Dismiss with respect to Count II because Plaintiffs fail to set forth a recognizable basis for class certification where an individualized inquiry into the intent of Defendant to initiate a lawsuit would be necessary in each case in which Defendant sent a collection letter. The Court DENIES Defendant's Motion to Dismiss with respect to Count III and IV because the grounds for dismissal alleged by Defendant amount to a bona fide error affirmative defense under FDCPA § 1692k(c) which the Court will not consider on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 235 (4th Cir. 2007).

## I.   BACKGROUND

Saxony Square retained Defendant to collect past due condominium fees and related late fees from Plaintiffs arising from Plaintiffs' ownership of a property in Alexandria, Virginia. (Doc. 6 at 3).   Prior to hiring Defendant, Saxony Square tried to contact Plaintiffs but the correspondence was returned undeliverable. *Id.* On April 23, 2015, Defendant sent a collection letter to Plaintiffs stating, in pertinent part:

> Your account has been referred to our office for collection. The enclosed statement of account represents the amount owed for the referenced period only.
>
> Please note that unless the amounts detailed on the enclosed statement of account are paid on or before May 26, 2015, the following action will result . . . [a] lawsuit will be filed against you in General District Court seeking a personal judgment.

Exhibit A, 4/23/15 Collection Letter.   The letter included an attached "Schedule of Account" containing a table indicating the dates of the assessments and late fees, the dates Plaintiffs made payments, and the total balance Plaintiffs owed.   *Id.* The April 23, 2015 letter was returned undeliverable, however, Plaintiffs later provided a current mailing address on May 19, 2015 and Defendants sent a second copy of the collection letter to Plaintiffs on May 22, 2015. *See* Exhibit B, 5/22/15 Collection Letter.   The second letter, with an attached "Schedule of Account" was identical to the first, except the date requested for payment was changed from May 26, 2015 to June 24, 2015. (Doc. 6, at 4).

On August 26, 2015 Plaintiffs filed the Complaint against Defendant in the present action alleging four violations of the FDCPA arising from Defendant's collection letter.   (Doc. 1). Count I of the Complaint alleges Defendant violated FDCPA § 1692g(a)(1) by failing to disclose the amount of the debt and by including the language "for the referenced period only" which Plaintiffs allege is confusing to the debtor. (Doc. 1).   Count II, pleaded as a class claim, alleges

Defendant violated § 1692e by including language in its communications with Plaintiffs indicating Defendants intended to file a lawsuit if the debt was not paid, when Defendant did not actually intend to file a lawsuit. *Id.* Count III alleges Defendant violated § 1692e by falsely representing the amount and legal status of the alleged debt and failing to timely credit and accept payments made by plaintiffs. *Id.* Count IV alleges Defendant violated §1692f by seeking to collect amounts not permitted by law.

On November 12, 2015 Defendant filed the present Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). The motion is now properly before the Court.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. FED R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion should be granted where the plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To be facially plausible, a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The requirement for plausibility does not mandate a showing of probability but merely that there is

more than a possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557).

## III.   ANALYSIS

For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss with respect to Count I and II, and DENIES the motion with respect to Count III and IV.

### A. Count I

Count I of Plaintiffs' Complaint alleges a class claim for violation of FDCPA § 1692g(a)(1) on the basis that the letters sent by Defendant fail to set forth the amount of the debt and because the language "for the referenced period only" is allegedly confusing to the least sophisticated consumer. The Court grants Defendant's Motion to Dismiss with respect to Count I because Defendant adequately disclosed the amount of the debt as required by FDCPA § 1692g(a)(1) and Defendant's use of the language "for the referenced period only" in the collection letter is not confusing to the least sophisticated consumer as a matter of law.

Section 1692g(a)(1) of the FDCPA requires that a debt collector's written communication to the consumer disclose the "amount of the debt." Courts have held that the disclosure of the amount of the debt owed must not be "confusing." *See, e.g., Kelly v. Nationstar Mortgage, LLC*, 2013 WL 5874704, at *1 (E.D. Va. Oct. 31, 2013) ("although § 1692g(a)(1) does not require debt collectors to provide the amount of the debt as of the date of the notice, Nationstar obscured the amount of debt by adding confusing language to the FDCPA letter"). In determining whether § 1692g has been violated, courts apply "an objective standard, measured

by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2nd Cir 1998) (citations omitted); *see also United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 139 (4th Cir. 1996) ("[T]he test is the capacity for the statement to mislead; evidence of actual deception is unnecessary."). The "least sophisticated consumer" standard "still presumes 'a basic level of understanding and willingness to read with care.'" *Landes v. Cavalry Portfolio Servs.*, 774 F. Supp. 2d 800, 804 (E.D. Va. 2011) (citing *Nat'l Fin. Servs.*, 98 F.3d at 136).

In the present case, Plaintiffs assert that Defendant's addition of the language "for the referenced period only" with respect to the amount of the debt due is confusing and amounts to a violation of the § 1692g(a)(1) requirement that the creditor disclose the amount owed. Plaintiffs fail to quote the entire sentence used in the collection letter, which reads: "The enclosed statement of account represents the amount owed for the referenced period only." (Exhibit A, 4/23/15 Collection Letter). Plaintiffs' argument is not persuasive, and the Court holds that reading Defendant's collection letter and the attached "Schedule of Account" together as a whole, that the letter adequately communicates the debt owed, even to the "least sophisticated consumer." The court in *Kelly* acknowledged the difficulty in conveying an amount due on a future date "[b]ecause of the nature of loans with daily compounding interest charges, in order to state the correct amount of the debt, the debt collect must state is as of a specific day." *Kelly*, 2013 WL 5874704, at \*5. "[A] collection letter which states either the amount due as of the date of the letter or as of a specific date is in compliance with § 1692g." *Id.* (citation omitted). Here, the "for the referenced period only" language in the letter clearly refers to the "Schedule of Account" attachment, wherein a table plainly shows the relevant dates of assessments, payments, late fees, and total balance due. The Court holds that the language used in Defendant's

collection letter, read as a whole with the attached table, is not confusing to the "least sophisticated consumer" as a matter of law and therefore does not violate § 1692g(a)(1).

Accordingly, the Court grants Defendant's motion with respect to Count I.

## B. Count II

Count II of Plaintiffs' Complaint alleges a class claim for violation of FDCPA § 1692e on the basis that Defendant used deceptive or misleading tactics in seeking to collect debts by threatening to initiate lawsuits that it actually had no intention of filing. The Court grants Defendant's Motion to Dismiss with respect to Count II because Plaintiffs fail to set forth a recognizable basis for class certification where an individualized inquiry into the intent of Defendant to initiate a lawsuit would be necessary in each case in which Defendant sent a collection letter.

FDCPA § 1692e prohibits debt collectors from engaging in deceptive collection practices designed to impart a false sense of urgency, which may include threatening a lawsuit the debt collector does not actually intend to pursue. *See Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 2d 813, 822 (E.D. Va. 2014). However, threatening a lawsuit if a debt is not paid by a certain date is not a violation of the statute if the debt collector intends to file the suit. *See Morgan v. Credit Adjustment Board*, 999 F. Supp. 803, 807 (E.D. Va. 1998).

Count II of Plaintiffs' Complaint is pleaded as a class claim pursuant to Federal Rule of Civil Procedure 23. To satisfy Rule 23(a), the Court must find that the class it certifies complies with four prerequisites: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The commonality element requires Plaintiffs to demonstrate that there are common contentions that are capable of class-wide resolution and that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one

stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Additionally, plaintiffs seeking class certification must satisfy the predomination and superiority requirements of Federal Rule of Civil Procedure 23(b)(3). Under Rule 23(b)(3), class certification is appropriate where (1) common questions of law or fact predominate over any questions affecting only the individual class members, and (2) proceeding as a class is superior to other available methods of litigation.

Here, the Court holds that Plaintiffs' Count II fails to satisfy the requirements necessary for the Court to recognize class certification under Rule 23. Count II is based on the contention that Defendant engaged in a deceptive collection practice in violation of FDCPA § 1692e by threatening a lawsuit that it did not intend to file. Thus, Count II necessarily requires a determination of whether Defendant in fact intended to file a lawsuit in each instance that Defendant sent a collection letter to a potential member of the class. Accordingly, Defendant's liability to the members of the class cannot be proved unless each individual class member independently can prove that Defendant mailed a letter threatening to sue without having the intention to sue in each case. For this reason, the court holds that Plaintiffs cannot satisfy the commonality requirement under Rule 23(a), nor the requirements of predomination and superiority under Rule 23(b)(3). Because "individual rather than common issues predominate" in the resolution of Count II, class certification is not appropriate. *West v. Costen*, 558 F. Supp. 564, 573 (W.D. Va. 1983). Plaintiffs assert that the Court should not dismiss Count II because discovery could show Defendant did not intend to file lawsuits under a certain set of circumstances, such as where the debt owed does not surpass a certain threshold. Plaintiffs conceded in oral argument, however, that they have no factual basis to assert that Defendant routinely, or in mass, sends letters threatening lawsuits that Defendant does not intend to actually

file against debtors. Instead, Plaintiffs seek to assert a class action based upon two collection letters Plaintiffs received from Defendant. This is insufficient to support allowing massive discovery or a fishing expedition to see whether there may be facts to support a class action lawsuit. While discovery may in some cases be appropriate to determine "whether a class action is maintainable," a plaintiff "bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied and that discovery is likely to produce substantiation of the class allegations." *Nantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Heerwagen v. Clear Channel Communications*, 435 F.3d 219, 234 (2nd Cir. 2006). The Court holds that Plaintiffs have not met this burden to show a recognizable class claim for Count II. The Court is merely ruling on this motion as it was presented; if Plaintiffs have or develop evidence which may support such a claim, Plaintiff should file a Rule 15 motion and seek leave to amend the Complaint.

Accordingly, the Court grants Defendant's Motion to Dismiss with respect to Count II.

## C. Counts III and IV

Count III alleges a violation of FDCPA § 1692e on the basis that Defendant falsely and deceptively represented the amount and legal status of the debt and failed to timely credit and accept payments made by Plaintiffs. Count IV alleges Defendant violated FDCPA § 1692f on the basis that Defendant attempted to collect amounts not permitted by law—late fees on allegedly timely payments. The Court denies Defendant's Motion to Dismiss with respect to Count III and IV because the grounds for dismissal alleged by Defendant amount to a bona fide error affirmative defense under FDCPA § 1692k(c) which the Court will not consider on a Rule 12(b)(6) motion to dismiss.

Defendants urge the Court to dismiss Counts III and IV on the grounds that all of the actions alleged in Counts III and IV were not taken by Defendant, but rather, were actions by Plaintiffs' HOA, Saxony Square, who are not a party to this litigation. In particular, Defendant asserts that it was Saxony Square that failed to timely accept and credit payments made by Plaintiffs and that Defendant relied on Saxony Square's representations concerning the amount of debt Plaintiffs owed. Defendant cites *Chaudry v. Gallerizzo*, in which the Fourth Circuit stated that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." 174 F.3d 394, 406 (4th Cir. 1999). The court held that "[t]here is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." *Id.* Moreover, "[t]he FDCPA does not require a debt collector to engage in an independent investigation of the debt referred for collection." *Sayyed v. Wolpoff & Abramson, LLP*, 733 F. Supp. 2d 635, 646 (D. Md. 2010) (citing *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir.1997). Accordingly, Defendant argues that it is "not responsible for mistakes by the creditor in calculating the amount of debt." (Doc. 6, at 14).

Plaintiffs counter, and the Court agrees, that Defendant's argument with respect to Count III and IV asserts a bona fide error affirmative defense that is premature and not appropriate for the Court's consideration on a motion to dismiss under Rule 12(b)(6). Plaintiffs cite *Sayyed*, in which the court explained the FDCPA "provides the exclusive method of considering whether the attorney's false statements were the product of reasonable reliance upon another party: the bona fide error defense of § 1692k(c)." *Sayyed*, 485 F.3d at 235. The court noted that the bona fide error affirmative defense is not properly considered on a Rule 12 motion. *Id.* at 229; *see also Warren v. Sessoms & Rogers*, 676 F.3d 365, 375 (4th Cir. 2012) ("The Act does contain an affirmative defense, however. . . Such a 'bona fide error' defense is one that a defendant must

prove."); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) ("[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense."). .

Accordingly, the Court denies Defendant's motion with respect to Counts III and IV.

## IV.   CONCLUSION

The Court GRANTS in part, and DENIES in part, Defendant's Motion to Dismiss.  The Court GRANTS Defendant's Motion to Dismiss with respect to Count I because Defendant properly disclosed the amount of the debt as required by FDCPA § 1692g(a)(1) and Defendant's use of the language "for the referenced period only" in the collection letter is not confusing to the least sophisticated consumer as a matter of law.  The Court GRANTS Defendant's Motion to Dismiss with respect to Count II because Plaintiffs fail to set forth a recognizable basis for class certification where an individualized inquiry into the intent of Defendant to initiate a lawsuit would be necessary in each case in which Defendant sent a collection letter.  The Court DENIES Defendant's Motion to Dismiss with respect to Count III and IV because the grounds for dismissal alleged by Defendant amount to a bona fide error affirmative defense under FDCPA § 1692k(c) which the Court will not consider on a Rule 12(b)(6) motion to dismiss.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** with respect to Counts I and II and **DENIED** with respect to Counts III and IV.

**IT IS SO ORDERED.**

ENTERED this ___19th___ day of January, 2016.

Alexandria, Virginia
1 / 19 / 2016

_____/s/_____
Gerald Bruce Lee
United States District Judge

11